**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**(WESTERN DIVISION)**

| | | |
|---|---|---|
| KRISTEN STEELE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: _____ |
| | * | |
| FEDERATION OF STATE MASSAGE THERAPY BOARDS, | * | |
| Defendant. | * | |

## COMPLAINT

Plaintiff Kristen Steele ("Ms. Steele"), by and through her attorneys, brings this complaint against Defendant the Federation of State Massage Therapy Boards ("FSMTB"), which owns, develops and administers the Massage & Bodywork Licensing Exam ("MBLEx"), for failing to administer the MBLEx so as to best ensure that Ms. Steele's results accurately reflect her aptitude or achievement level instead of her disability, in violation of federal law.

## INTRODUCTION

1. Ms. Steele is a graduate of the Midwest School of Massage in Omaha, Nebraska. She enrolled in the spring of 2016 and in December 2016 completed her coursework with a 4.0 grade point average. At that time, Ms. Steele became eligible to sit for the MBLEx.

2. The MBLEx assesses competence in massage and bodywork, and is used by licensing agencies in 44 states to evaluate applicants for licensure. Each of these jurisdictions requires that an applicant obtain a passing score on the MBLEx to obtain a license to practice massage and bodywork.

3. Because Ms. Steele is blind, she asked the FSMTB to provide her with the

MBLEx in Braille. Denying her request, the FSMTB responded that Ms. Steele must request a human reader when she registers for the test.

4.     Ms. Steele is a fluent Braille reader. She has had very little experience using a human reader and in her limited experience, found her ability to comprehend materials and process information through a human reader poor.

5.     Braille, not a human reader, is the appropriate auxiliary aid for Ms. Steele for the MBLEx because of Ms. Steele's documented history of receiving Braille as an auxiliary aid in similar testing situations and as acknowledged by the team of educational professionals who developed her Individualized Education Plans (IEPs) throughout her K-12 educational years. Furthermore, providing Ms. Steele with the MBLEx in Braille would not fundamentally alter the measurement of the skills or knowledge the MBLEx is intended to test.

6.     Defendant's refusal to administer the MBLEx to Ms. Steele in Braille violates her rights under the ADA and threatens her with irreparable harm to her career, her professional development and to her right to take the MBLEx without being subjected to unlawful discrimination or the stigma and humiliation that result from such discrimination. Without injunctive relief from this Court, Ms. Steele can only take the MBLEx at a competitive disadvantage to her peers that would unlawfully burden her attempt to obtain her license to practice massage therapy. Ms. Steele has no adequate remedy at law.

7.     Ms. Steele seeks declaratory and injunctive relief to compel Defendants to provide the MBLEx in Braille. Provision of the exam in Braille is necessary to best ensure that Ms. Steele's results on the MBLEx will accurately reflect her knowledge and understanding of the practice of massage therapy rather than her blindness. The alternative accommodation that Defendant offers, a human reader, is insufficient in that it would deny Ms. Steele the opportunity

to compete on an equal basis.

## JURISDICTION AND VENUE

8.  This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act Title III, 42 U.S.C. §§ 12101, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

9.  Ms. Steele is a resident of Underwood, Iowa.

10. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b) because the events and omissions giving rise to this claim have occurred and are occurring within the Southern District of Iowa, and Ms. Steele resides in this district.

## PARTIES

11. Ms. Steele has been blind since birth. She grew up in Glenwood, Iowa and graduated from Glenwood Community High School in 2014. In the spring of 2016, she began attending the Midwest School of Massage and in December 2016 graduated with a 4.0 grade point average. She resides in Underwood, Iowa. Ms. Steele planned to take the MBLEx this past December and faces irreparable harm because of Defendants' refusal to administer it in a manner that will ensure that the results accurately reflect her achievement level and aptitude rather than her disability.

12. FSMTB is a 501(c)(3) corporation organized and existing under the laws of the State of Illinois with its principal place of business at 10801 Mastin Boulevard, Suite 350, Overland Park, Kansas. FSMTB develops and administers the MBLEx, which is the national licensing examination that assesses competence in Massage and Bodywork in the United States and its territories. MBLEx scores are used by licensing agencies in 44 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, and some cities in unregulated states, when

evaluating applicants for licensure. These jurisdictions require a passing score on the MBLEx to obtain a license to practice massage.

## STATEMENT OF FACTS

13.     Ms. Steele has been blind since birth due to a condition known as Leber's Congenital Amaurosis. She began Braille instruction at three years old and since has used Braille exclusively to read and write. Throughout elementary school, she received reading materials in hard copy Braille and wrote her answers using a Perkins Brailler – a device similar to a Braille typewriter. It has no memory capability and no electronic functionality. In middle and high school, Ms. Steele accessed content by using a BrailleNote. A BrailleNote is a computer with a Braille keyboard and refreshable Braille display that allows Ms. Steele to read and navigate documents independently, just as a sighted person reads a computer screen.

14.     Ms. Steele's IEPs have always required that she receive materials and take examinations, including Iowa Assessments, in Braille and not with a human reader. In her very limited experience using human readers, Ms. Steele found that her learning and performance was adversely impacted by this alternate accommodation.

15.     While in high school, Ms. Steele took the ACT college admissions test. After submitting a request for accommodations, Ms. Steele received the examination in hard copy Braille and used her Perkins Brailler to write her responses.

16.     When she enrolled at Midwest School of Massage, Ms. Steele requested and was provided materials in electronic formats that she could access with her BrailleNote, and thus accessed her books and notes and took her exams independently.

17.     Ms. Steele seeks to obtain licenses to practice massage in both Nebraska and Iowa. In order to obtain these licenses, Ms. Steele must sit for and pass the MBLEx.

18. In the summer of 2016, Ms. Steele called the FSMTB to learn the process for requesting a Braille version of the MBLEx with the intention of taking the exam in December 2016. She was told that the FSMTB neither offers nor plans to offer the examination in Braille because it believed that Braille would provide Ms. Steele an unfair testing advantage. Instead, the FSMTB informed Ms. Steele that she must request a human reader when she registers for the MBLEx.

19. On October 24, 2016, Ms. Steele registered and submitted payment for the MBLEx, along with a request for accommodations. Among other accommodations, Ms. Steele requested a Braille copy of the examination and use of a Perkins Brailler as a substitute for the white boards that sighted students are permitted to use for notetaking during the exam. Ms. Steele submitted all required documentation supporting her need for these auxiliary aids as accommodations.

20. After receiving a letter from FSMTB seeking additional information on December 8, 2016, undersigned counsel responded on December 14, 2016 with further explanation as to the need for Ms. Steele's requested accommodations; however, FSMTB continues to refuse to administer the exam in Braille (although it has agreed that Ms. Steele can use the Perkins Brailler for notetaking). FSMTB continues to insist that a human reader is a sufficient accommodation.

21. Braille, not a human reader, is the appropriate auxiliary aid for Ms. Steele for the MBLEx because of Ms. Steele's documented history of receiving Braille as an auxiliary aid in similar testing situations, such as when taking the ACT, and as required in her IEPs. Using a human reader on the MBLEx would significantly decrease Ms. Steele's ability to comprehend the exam and deny her the ability to navigate the exam independently at her own pace.

22. Ms. Steele is and will continue to be significantly harmed by FSMTB's refusal to

provide the MBLEx in Braille. Provision of the exam in this format is necessary to provide equally effective communication and to best ensure that Ms. Steele's results on the MBLEx will accurately reflect her aptitude or achievement level rather than her blindness. The alternate auxiliary aid that has been offered, a human reader, is ineffective and would deny her an equal opportunity to compete with her sighted peers.

**Violation of Title III of the Americans with Disabilities Act**
**42 U.S.C. § 12189**

23.     Ms. Steele incorporates by reference all allegations contained in the preceding paragraphs, as if alleged herein.

24.     The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, prohibits discrimination by private entities, including those that offer professional licensing examinations, such as the MBLEx. 42 U.S.C. § 12189.

25.     Title III of the ADA mandates that private entities that offer standardized examinations "related to. . . applications, licensing, certification, or credentialing for . . . postsecondary education [or] professional . . . purposes" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189; 28 C.F.R. §36.309(a).

26.     Such private entities "must assure that. . . [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills . . . " 28 C.F.R. § 36.309(b)(1)(i).

27.     Furthermore, the entity offering the examination must, among other things,

"provide appropriate auxiliary aids," including "Brailled…examinations and answer sheets," unless the entity "can demonstrate that offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden." 28 C.F.R. § 36.309(b)(3).

28. FSMTB is a private entity that offers a standardized examination, the MBLEx, related to licensing for professional purposes under Title III of the ADA.

29. If Ms. Steele is forced to take the MBLEx without Braille, her results will not accurately reflect her knowledge of the practice of massage therapy, but rather her blindness. FSMTB's conduct constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, FSMTB will continue to violate the ADA. Unless enjoined, FSMTB's conduct will continue to inflict injuries for which Ms. Steele has no adequate remedy at law.

30. Unless the requested relief is granted, Ms. Steele will suffer irreparable harm in that she will be discriminated against and denied equal access to the MBLEx, and be unlawfully burdened in seeking licensure as a massage therapist.

31. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(1).

32. Ms. Steele is entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs.

## CLAIM FOR RELIEF

33. WHEREFORE, Plaintiff Ms. Steele demands judgment against FSMTB as follows:

(a) A preliminary and permanent injunction (1) prohibiting FSMTB from violating Title III of the ADA; and (2) ordering FSMTB to administer the MBLEx to Ms. Steele in Braille;

(b) A declaration that FSMTB has and continues to violate Title III of the ADA by failing to administer the MBLEx so as to best ensure that Ms. Steele's examination results accurately reflect her aptitude or achievement level, rather than reflecting her blindness;

(c) An award of Plaintiff's reasonable attorneys' fees and costs; and

(d) Such other and further relief as the Court deems just and proper.

Dated: February 24, 2017

Respectfully submitted,

\_\_\_\_\_/s/_____
Tai Tomasi (Attorney No. AT0012805)
DISABILITY RIGHTS IOWA
400 East Court Ave., Ste. 300
Des Moines, Iowa 50309
Telephone:(515) 278-2502
Facsimile: (515) 278-0539
ttomasi@driowa.org

Sharon Krevor-Weisbaum *(to seek admission pro hac vice)*
Emily L. Levenson *(to seek admission pro hac vice)*
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Telephone:(410) 962-1030
Facsimile: (410) 385-0869
skw@browngold.com
elevenson@browngold.com

*Attorneys for Plaintiff*